**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| ROBERT ALLEN BOYDEN,<br>a/k/a LUCIOUS MACHIAVELLI,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JAMES SALMONSEN,<br><br>Respondent. | CV 26-52-BLG-WWM<br><br>ORDER |

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by pro se petitioner Robert Allen Boyden ("Mr. Boyden"). (Doc. 1). Of note, in December 2024, Mr. Boyden was sentenced to the Bureau of Prisons for 77 months by Judge Watters; that sentence was ordered to run consecutively to his state court sentences. In that matter, Mr. Boyden went by the name of Lucious Machiavelli. *See, e.g., United States v. Machiavelli*, Cause No. CR 24-12-BLG-SPW, Judgment (D. Mont. December 5, 2024.) Mr. Boyden filed a motion to amend or correct his sentence in the federal case pursuant to 28 U.S.C. § 2255, which he later voluntarily dismissed. *United States v. Machiavelli*, Cause No. CR 24-12-BLG-SPW, Order (D. Mont. July 2, 2026). In the present matter, Mr. Boyden challenges the legality and calculation of the state sentences that he is presently serving. (Doc. 1).

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

I. <u>Motion to Proceed in Forma Pauperis</u>

Mr. Boyden seeks leave of the Court to proceed in forma pauperis. (Doc. 2). The account statement, attached to his motion, indicates he is not able to afford the costs associated with this action. (Doc. 2-1). Accordingly, the motion will be granted.

II. <u>Background on Boyden's Claims</u>

Mr. Boyden is currently incarcerated at the Montana State Prison. He challenges the manner in which the State of Montana has calculated two sentences that he is now serving. The Montana Supreme Court recently denied Mr. Boyden habeas relief and explained the procedural history of his claims as follows:

Currently, Boyden has a 1997 sentence from the Yellowstone County District Court and a 2016 sentence from the Yellowstone County District Court.

On May 13, 2025, this Court issued an Order after receiving a response from the State of Montana. *Boyden v. Linder*, No. OP 25-0048, Order (Mont. May 13, 2025) (*Boyden III*). We provide the history again.

. . .

Beginning thirty years ago, on June 8, 1995, Boyden entered guilty pleas to misdemeanor theft, felony theft, and felony escape in the Custer County District Court. The District Court deferred imposition of sentence of two, concurrent, three-year terms for the felony convictions (Cause No. DC-1995-3701) (first sentence).

On February 27, 1997, the Yellowstone County District Court accepted Boyden's guilty plea to accountability for attempt (deliberate homicide) and sentenced him to the Montana State Prison (MSP) for a sixty-year term, awarding credit for time served of 487 days (Cause No. DC 95-654) (sixty-year sentence). The Yellowstone County District Court did not mention Boyden's first sentence.

In less than two months, the Custer County District Court held a dispositional hearing on the State's Petition to Revoke the deferred imposition of sentence for Boyden. In its written April 24, 1997 Order of Final Sentence, the Custer County District Court revoked the sentence and sentenced Boyden to MSP for a ten-year term for felony theft to run consecutively to his sixty-year sentence (first sentence upon revocation).

In a May 2, 2012 Order Granting Withdrawal of Guilty Plea to and Dismissing Count 3: Escape, the Custer County District Court entertained Boyden's request for relief where the State responded that Boyden's deferred imposition of sentence for felony escape (Count 3) had since expired. The District Court dismissed the conviction.

On December 21, 2016, the Yellowstone County District Court committed Boyden to the Department of Corrections (DOC) for concurrent terms of ten years with five suspended for two counts of felony robbery (Cause No. DC-14-0954). The District Court awarded 725 days of credit for jail time served and ran the sentence consecutively to his sixty-year sentence. *Boyden III*, at 1-2.

> Several years later, Boyden sought relief in the District Court and challenged the running of his sentences.
>
> Boyden returned to the Custer County District Court for habeas corpus relief in June 2020. Boyden argued that he received an illegal sentence upon revocation of his deferred sentence because of the effect on his parole eligibility due to the consecutive nature of his first sentence upon revocation and the sixty-year sentence. The court explained: "[Boyden] contends that although the two sentences run consecutively, he began serving the ten-year sentence [first sentence upon revocation] in 2010, once he became parole eligible under the sixty-year sentence (by having served one-quarter of the sentence, or 15 years)." (Footnote omitted). Citing to § 46-18-401(1)(a), MCA (1995), the District Court denied Boyden's petition for habeas corpus relief.
>
> On March 5, 2025, the Custer County District Court entertained Boyden's renewed Motion for Time Served and Correction and Completion of Sentence. The District Court determined that Boyden had fully served his first sentence upon revocation after application of *State v. Wolfblack*, 2024 MT 166, ¶ 13, 417 Mont. 376, 553 P.3d 9. *Boyden III*, at 2.
>
> Boyden received relief last year. We stated as much. "Due to the recent Custer County District Court's Order on Defendant's Pro Se Motion for Time Served, the State responds that Boyden has received relief." *Boyden III*, at 3. Boyden again puts forth that his sentence must be recalculated. His claim lacks merit. "The State provides that Boyden has served his first sentence upon revocation and that the MSP Records Department has recalculated his sentence." *Boyden III*, at 3. We deemed his Petition then moot and denied it. *Boyden III*, at 3.
>
> Boyden cannot return with unsupported claims and arguments when he received relief last year. He does not demonstrate how he is entitled to additional credit for time served with his sentences. Boyden is not entitled to habeas corpus relief.

*Boyden v. Salmonsen*, No. OP 26-0345, 2026 WL 1662593, at *1-2 (Mont. June 9, 2026).

Mr. Boyden claims in the present matter that the Yellowstone County Attorney agreed with him that the sentence in Cause No. DC 14-0954 has been discharged and suggests that he is owed additional credit for time served on that matter. (Doc. 1 at 6-7, 10-11). Mr. Boyden asserts that it is impossible to run a legal sentence from one that was previously discharged, as was his sentence in Cause No. DC-1995-3701. Thus, he believes that his sentence for Cause No. DC 14-0954 should have run from the date of his sentencing hearing, that is on December 21, 2016. (*Id.* at 7, 10). Finally, Mr. Boyden argues that the sentence imposed in Cause No. DC 14-0954 is unjust because the district court sentenced him to boot camp, but the program was discontinued by the State before he was able to enroll in and complete it. (*Id.*). Mr. Boyden asks that he be released immediately from the allegedly illegal incarceration of Cause No. DC 14-0954 and that he receive all credit for the custodial time he has served. (*Id.* at 8, 15).

III. Analysis

Mr. Boyden has filed his petition on a form seeking relief pursuant to 28 U.S.C. § 2241. (Doc. 1 at 1). Section § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas

relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as a pretrial detention or awaiting extradition. *White*, 370 F.3d at 1006. As evidenced by his filing, Mr. Boyden is not a pretrial detainee, but a sentenced state prisoner. Moreover, he is challenging his state judgments of conviction. Accordingly, § 2241 is not the proper vehicle to secure relief. Instead, Mr. Boyden may seek relief under Section 28 U.S.C. § 2254.

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Thus, Mr. Boyden's filing will be construed as a request for habeas corpus relief pursuant to § 2254.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that the state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)(*quoting Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted). "[E]rrors of state law do not

concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Additionally, matters relating to state sentencing are generally not cognizable under federal habeas review. *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). A mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus proceeding. *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's

misapplication of its own sentencing law does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process' violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citation omitted).

Here, Mr. Boyden's claims concern the length of the state sentence imposed upon revocation, the date from which the consecutive sentence began to run, and the calculation of credit due to him for time served under state law; they do not, however, implicate a federal constitutional right. Mr. Boyden has not alleged a purported federal constitutional violation, nor has he shown how the recent decision of the Montana Supreme Court denying him habeas relief violated clearly established federal law or resulted from an unreasonable determination of the facts. While Mr. Boyden may disagree with the ultimate calculation of his state sentence, aside from his own conjecture, he has not demonstrated that the sentence he is serving is unlawful. Mr. Boyden disagrees with the decision of Judge Linneweber denying his motion to correct his Yellowstone County sentence in Cause No. DC 14-0954, particularly because the prosecutor did not object to Mr. Boyden's request. (Doc. 1 at 11). But Judge Linneweber, relying on state law, explained the basis for his denial. (Doc. 1-1 at 15-16). As set forth above, the Montana Supreme Court noted that Mr. Boyden had already received relief relative to the Custer

County sentence and did not find that he was due any additional adjustment or recalculation of his Yellowstone County sentences under state law. *Boyden*, No. OP 26-0345, 2026 WL 1662593, at *2. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988).

Mr. Boyden, at most, has alleged a violation of state sentencing law which is not remediable on federal habeas review. In limited circumstances, a sentencing error may provide a basis for federal habeas relief if it is "so arbitrary or capricious as to constitute an independent due process" violation. *Lewis*, 497 U.S. at 780; *see also Christian*, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Mr. Boyden has not made such a showing. Moreover, Mr. Boyden has not asserted a federal constitutional violation, and he cannot convert this state law issue into a case that involves one of federal import, merely by invoking the specter of a due process violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997). Mr. Boyden's claims are not cognizable and will be denied.

IV. <u>Certificate of Appealability</u>

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A certificate of appealability may issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Boyden has failed to make a substantial showing of the denial of a federal constitutional right. The claims he advances are not cognizable under § 2254. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Mr. Boyden's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

1. Mr. Boyden's Petition (Doc. 1) is DENIED.

2. The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 21st day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE